Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Attorney of Record: Amy Bennecoff Ginsburg, Esq. (AB0891)
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **COLT THURBER** | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **SPINNAKER RESORTS, INC.,** | |
| Defendant. | **(Unlawful Debt Collection Practices)** |

## COMPLAINT

COLT THURBER ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against SPINNAKER RESORTS, INC. ("Defendant"):

## INTRODUCTION

1.  Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3.  Defendant conducts business in the Commonwealth of New Jersey and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Toms River, New Jersey.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation that has its mailing address located at 35 DeAllyon Avenue, Hilton Head Island, South Carolina, 29928.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that he has had for over a year.

11. Plaintiff has only used this number as a cellular telephone number.

12. Beginning in or around July 2015, Defendant called Plaintiff on his cellular telephone.

13. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

14. Plaintiff knew that Defendant was using an automatic telephone dialing system and/or pre-recorded messages as Defendant's calls began with a pre-recorded message before a live caller would come onto the phone.

15. Frustrated by the repeated calls, in or around July 2015, Plaintiff spoke with Defendant and revoked any consent that may have previously been given to Defendant to call his cellular telephone number.

16. Defendant proceeded to ignore Plaintiff's revocation and continued to call his cellular telephone through September 2015.

17. After Defendant continued to call Plaintiff repeatedly on his cellular telephone, Plaintiff was forced to block calls from Defendant's phone number.

18. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

19. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

20. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

21. Defendant's calls to Plaintiff, in and after July 2015, were not made with Plaintiff's prior expressed consent.

22. Defendant's calls to Plaintiff were not made for emergency purposes.

23. In addition, Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

24. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

25. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, COLT THURBER, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, COLT THURBER, demands a jury trial in this case.

### CERTIFICATION PURSUANT TO L.CIV.R.11.2

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

                                              Respectfully submitted,

Dated: July 5, 2017         BY:    /s/ Amy L. Bennecoff Ginsburg, Esq.
                                                   Amy L. Bennecoff Ginsburg, Esq.
                                                   Kimmel & Silverman, P.C.
                                                   30 East Butler Pike
                                                   Ambler, PA 19002
                                                   Phone: (215) 540-8888
                                                   Facsimile: (877) 788-2864
                                                   Email: aginsburg@creditlaw.com